UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| ASIAN AMERICANS ADVANCING JUSTICE – ATLANTA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>*Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. _____ |

## INTRODUCTION

1. This action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), seeks the timely release of agency records related to the immigration case of Alma Bella Catarungan Bowman, a lifelong resident of Macon, Georgia who is currently detained in the Stewart Detention Center.

2. Plaintiff Asian Americans Advancing Justice – Atlanta submitted two FOIA requests to Defendant in April 2025. To date, Defendants have not fulfilled Plaintiff's FOIA requests, notwithstanding FOIA's requirement that agencies respond to records requests within 20 working days.

3. Plaintiff now asks the Court for injunctive and other appropriate relief requiring Defendants to conduct thorough searches for all responsive records and

1

to immediately process and release any responsive records. Plaintiff also seeks an order enjoining Defendant from withholding non-exempt, responsive records.

## PARTIES

4. Plaintiff is a nonprofit legal advocacy organization dedicated to protecting the civil rights of Asian Americans, Native Hawaiian, Pacific Islander (AANHPI) and Arab, Middle Eastern, Muslim, and South Asian (AMEMSA) communities in Georgia and throughout the Southeast. Plaintiff advocates for immigrants' rights, including the rights of individuals in immigration detention.

5. Defendant Department of State is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. Defendant has possession, custody, and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff resides and has its principal place of business in this district.

## FACTUAL BACKGROUND

8. Plaintiff brings this action to enforce FOIA with respect to four separate records requests. The facts pertaining to each request are recounted below.

### *Request No. P-2025-02002*

9. On April 15, 2025, Plaintiff submitted a FOIA request for all records created, sent, or received between January 1, 1966 to April 15, 2025 "related to applications for citizenship for Alma Bella Bowman [], including determinations issued by the U.S. government as well as any evidence relied upon in informing those determinations." Plaintiff included privacy waiver form DS-4240 with the request, signed by Ms. Bowman.

10. Plaintiff sought expedited processing of the request under 6 C.F.R. §§ 5.5(e)(1)(iii), stating, "Ms. Bowman is a U.S. citizen for reasons explained in attached letter. Nevertheless, she is detained in [U.S. Immigration and Customs Enforcement] custody. There is a compelling need for these records to avoid substantial loss of due process rights. I certify this is true and correct." Plaintiff attached a letter brief that it had submitted to multiple agencies within the federal government explaining that Ms. Bowman, the subject of the requested records, is a U.S. citizen.

11. On April 30, 2025, Defendant sent Plaintiff an email with a letter dated April 25, 2025, requesting a copy of Ms. Bowman's government-issued ID and a notarized release form. Plaintiff provided the ID on May 1, 2025.

12. Defendant marked the FOIA request "received" date as May 13, 2025 on the State Department online FOIA portal.

13. Defendant provided an estimated delivery date of September 2, 2025.

14. Plaintiff sent an email seeking a status update on September 25, 2025.

15. To date, Defendant has neither released responsive records nor explained its basis for withholding them.

16. Plaintiff has exhausted all administrative remedies because Defendant has failed to comply with the time limit of 20 working days to respond to the request under FOIA.

### *Request No. F-2025-27835*

17. On April 28, 2025, Plaintiff submitted a FOIA request to Defendant for "(1) All documents describing the policy of the US government on US citizenship of children born out of wedlock in the Philippines, date range from 1970 to 1980; (2) Records of all determination letters (applicant name redacted) issued by the American Embassy in Manila on the citizenship of children born out of wedlock in the Philippines, date range from 1970 to 1980."

18. Plaintiff sent an email seeking a status update on July 23, 2025.

19. To date, Defendant has neither released responsive records nor explained its basis for withholding them.

20. Plaintiff has exhausted all administrative remedies because Defendant has failed to comply with the time limit of 20 working days to respond to the request under FOIA.

### *Statutory Requirements*

21. "The Freedom of Information Act was enacted to facilitate public access to government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

22. With that purpose in mind, FOIA requires federal agencies such as Defendants to make a determination as to whether to release records in response to a request within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

23. If there are "unusual circumstances," an agency may extend the time limit by no more than 10 working days. 5 U.S.C. § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual

circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*

24. A district court has jurisdiction to enjoin the agency from withholding records and to order production of records that are subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

25. Because Defendant has failed to comply with FOIA's time limits, Plaintiff is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Request No. P-2025-02002

26. Plaintiff repeats, realleges, and reincorporates the allegations in paragraphs 9 through 16 as though fully set forth herein.

27. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

28. Defendant has failed to fulfill Request No. P-2025-02002 in accordance with the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

29. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

30. No exemptions permit the withholding of the documents sought by Request No. P-2025-02002.

31. Accordingly, Plaintiff is entitled to an order compelling Defendant to produce records responsive to Request No. P-2025-02002.

**SECOND CAUSE OF ACTION**
**Request No. F-2025-27835**

32. Plaintiff repeats, realleges, and reincorporates the allegations in paragraphs 16 through 19 as though fully set forth herein.

33. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

34. Defendant has failed to fulfill Request No. F-2025-27835 in accordance with the statutory deadlines set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(B). Accordingly, Plaintiff is deemed to have exhausted its administrative remedies under FOIA.

35. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

36. No exemptions permit the withholding of the documents sought by Request No. F-2025-27835.

37. Accordingly, Plaintiff is entitled to an order compelling Defendant to produce records responsive to Request No. F-2025-27835.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Declare that Defendant's failure to respond and produce the requested records is unlawful;

b) Order Defendant to conduct a full, adequate, and expedited search for all responsive records;

c) Order Defendant to immediately and expeditiously process and release any responsive records;

d) Declare that the requested records are not exempt from disclosure under FOIA;

e) Enjoin Defendant from withholding non-exempt, responsive records;

f) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

g) Grant such other relief as the Court deems just and proper.

Respectfully submitted this 6th day of November, 2025,


/s/ Samantha C. Hamilton
Samantha C. Hamilton, GA Bar No. 326618
Alexandra M. Smolyar, GA Bar No. 419582
Asian Americans Advancing Justice – Atlanta
5680 Oakbrook Parkway, Suite 148
Norcross, GA 30093
Tel: 470-816-3319
shamilton@advancingjustice-atlanta.org
asmolyar@advancingjustice-atlanta.org

Counsel for Plaintiff